833 F.2d 1024
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ulyesses B. ADAMS, Petitioner,
v.
DEPARTMENT OF the NAVY, Respondent.
 No. 87-3420.
 United States Court of Appeals, Federal Circuit.
 Oct. 21, 1987.
 
 Before DAVIS, Circuit Judge, BALDWIN, Senior Circuit Judge, and EDWARD S. SMITH, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the Merit Systems Protection Board (MSPB or Board), MSPB Docket Nos. PH07528610241 & PH07528610632, sustaining petitioner's suspension and removal by respondent agency, are affirmed.
 
 OPINION
 
 2
 There are two adverse actions involved, one a removal and the other a suspension. In the removal proceeding petitioner, a mechanic at the Philadelphia Naval Yard, was charged with insubordination (second offense) and excessive unauthorized absence for one month in the spring of 1986. His defense was that he developed a rash from having to wear a hard hat at work and therefore refused to wear one and did not come to work. The agency upheld the charge and imposed removal. Adams appealed to the MSPB. After a hearing the administrative judge held that (a) Adams was not in danger of serious bodily injury by virtue of having to wear his hard hat, (b) that he had been ordered to wear his hard hat but refused and remained away from work, and (c) that he had not shown himself to be a qualified handicapped person. In the 45-day suspension proceeding similar conclusions were reached. These conclusions are all sustained by substantial evidence on the record as a whole and cannot be overturned. (The handicapped claim was waived before this court.) The impact of petitioner's actions on the efficiency of the service was also properly shown, as was the lack of abuse of discretion in the imposition of the removal and suspension penalties. The full Board declined review.
 
 
 3
 Adams also raises a number of alleged procedural errors by the administrative judge, but on examination these all turn out to have been within the administrative judge's discretion or not the harmful invasion of any of petitioner's rights.